UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL MACCARO,

          Plaintiff,

  -against-

NYC HEALTH & HOSP. CORP., et al.,

          Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 11 2007 ★
M. _____
TIME A.M. _____

**MEMORANDUM AND ORDER**

1:07-cv-1413-ENV-LB

**VITALIANO, D.J.**

    Plaintiff, Michael Maccaro, brings this action against federal, state, city, and private entities, alleging violations of 18 U.S.C. §§ 241 and 242. Compl. at 2. The entirety of plaintiff's statement of claim is as follows:

> Brooklyn, N.Y./conspiracy to mental facility, conspiracy diagnosis/most re[c]ent attempt week of 3-26-07 stalked home with death t[h]reatening messaged lic. plates of auto's, niebors [sic] involved and local pct. [63rd] to conspiracy to false arrest to conspiracy hospitalization.

Id. Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court grants plaintiff *in forma pauperis* status solely for the purpose of this Order and dismisses the complaint for the reasons set forth below.

### DISCUSSION

A.    <u>Standard of Review</u>

    Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such



as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

B.  Plaintiff's *In Forma Pauperis* Application

The purpose of the statute permitting litigants to proceed *in forma pauperis* is to insure that indigent persons have equal access to the judicial system. Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004); Hobbs v. County of Westchester, et al., No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" Hobbs, 2002 WL 868269, at *2 (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court. Choi v. Chem. Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

The financial declaration form that plaintiff has submitted does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff's financial declaration alleges that he (1) received $18,650 from "The Beasley Firm" in the past 12 months, (2) receives an income of $1,224 per month, and (3) has $18,144.61 in a checkings or savings account. Plaintiff's declaration does not satisfy the Court that he does not have sufficient resources to pay the $350 filing fee to commence this action.

Generally, this Court would direct plaintiff to either submit the full filing fee or an amended

2

*in forma pauperis* application to the Clerk's Office in order to proceed with this action. However, because the instant action is without merit, the complaint is hereby dismissed.

C.   Sections 241 and 242

Plaintiff's reliance on 18 U.S.C. §§ 241 and 242[1] is wholly misplaced, as they are federal criminal statutes and do not provide for a private right of action. See Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998) (no private right of action under conspiracy-against-rights statute, § 241); Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under § 242, which proscribes the deprivation of rights under color of law).

---

[1] Section 241 provides:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Section 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this
>
> section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Accordingly, plaintiff cannot sue defendants under Sections 241 and 242, and his complaint is hereby dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To grant plaintiff an opportunity to amend his complaint would be an exercise in futility and a waste of this Court's resources more properly devoted to legitimate claims. See Foman v. Davis, 371 U.S. 178, 182 (1962) (a district court need not grant leave to amend if amendment would be futile); Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995).

## CONCLUSION

Accordingly, the Court dismisses the instant action for the reasons set forth above. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

DATED:   Brooklyn, New York
         April 10, 2007

         SO ORDERED

                                              ERIC N. VITALIANO
                                              U.S.D.J.